# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| BRYAN K. BROWN, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. CIV 11-079-RAW-KEW |
| JANET DOWLING, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his conviction in Bryan County District Court Case Number CF-08-277 for three counts of child sexual abuse. He sets forth three grounds for relief:

    I.    Petitioner was denied the effective assistance of counsel when his attorney lied to him, thus inducing a plea of no contest through fraud.

    II.    The petitioner was denied the conflict-free assistance of counsel for the critical phase of sentencing.

    III.    The petitioner was denied the effective assistance of counsel for his initial-review collateral proceedings on his application to withdraw his plea of no contest, which caused all claims for the ineffective assistance of counsel to be waived in state court.

The respondent alleges petitioner has exhausted the state court remedies for Grounds I and III, and the unexhausted claim in Ground II is barred by the applicable statute of limitations.

**Ground II: Denial of Conflict-Free Counsel for Sentencing**

Petitioner first presented Ground II in his amended petition, claiming that because of an actual conflict of interest, "counsel refused to challenge the State's false allegations that the Petitioner ever possessed any child pornography," or "to reveal the emails he had showing the Plea Bargain Agreement was for a recommendation of twenty (20) years." (Docket No. 24 at 8-9). The respondent asserts that while petitioner raised an alleged conflict of interest in both his original and amended petitions, the claims in the amended petition are significantly different and are time barred under 28 U.S.C. § 2244(d).

The record shows that the OCCA entered its Summary Opinion Denying Certiorari on June 12, 2009, in Case No. C-2009-38 (Docket No. 36-7). Petitioner's conviction became final on September 10, 2009, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. The one-year statute of limitations under 28 U.S.C. § 2244(d)(1) began to run the following day and ended on September 11, 2010.

On May 12, 2010, petitioner filed an application for post-conviction relief in Bryan County District Court Case No. CF-2008-277 (Docket No. 36-8), and the OCCA affirmed the denial of post-conviction relief on January 12, 2011 (Docket No. 36-18), tolling the limitation period 246 days. 28 U.S.C. § 2244(d)(2). Therefore, the filing deadline was May 15, 2011. On August 23, 2012, after the limitation period had expired, petitioner filed a motion to amend his habeas corpus petition (Docket No. 30).

An amended habeas petition does not relate back to an original, timely petition and thereby avoid AEDPA's one-year time limit, "when it asserts a new ground for relief supported by facts that differ in both time and type" from those set forth in the original timely pleading. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Petitioner concedes this claim is barred by the applicable statute of limitations (Docket No. 39 at 5). Ground II of the petition fails.

2

**Grounds I and III: Ineffective Assistance of Counsel**

Petitioner alleges in Count I that his trial counsel induced him to enter a plea of no contest by failing to advise him of the accurate potential consequences of alleged child pornography found on a floppy disk. He asserts that on July 17, 2008, trial counsel presented him with the State's proposed plea agreement which petitioner rejected. On July 25, 2008, counsel again presented the proposed agreement, along with a report regarding another potential victim. When petitioner again denied any wrongdoing, counsel allegedly advised him that he could be charged with two counts of possession of child pornography, based on the images downloaded on his computer. On July 28, 2008, counsel insisted petitioner should accept the State's offer, but petitioner demanded a jury trial. Upon hearing petitioner's jury trial demand, counsel allegedly said petitioner would be charged for each of the hundreds of individual images deemed to be child pornography. Counsel advised petitioner that if each image were charged as a separate count, petitioner would die in prison. Although petitioner maintains there was no child pornography, he waived his right to a jury trial and entered a blind plea of no contest on August 29, 2008.

Petitioner maintains his trial counsel lied to him about whether the individual pictures would amount to hundreds of counts of possession of child pornography. As a result, he waived his right to a jury trial. He claims he subsequently learned that if the floppy disk at issue did, in fact, contain child pornography, he would have been subject to only one count with a maximum penalty of five years' imprisonment.

On December 10, 2008, petitioner filed a motion to withdraw his pleas, alleging ineffective assistance of counsel (Docket No. 36-3). On that same date, petitioner's counsel for his plea proceedings filed a motion to withdraw from his representation of petitioner

3

(Docket No. 36-4).

In Ground III petitioner alleges his trial attorney was ineffective in drafting the application to withdraw the plea of no contest, resulting in the waiver of his ineffective assistance of counsel claims. Petitioner further asserts the motion provided no factual basis for withdrawing the plea, and it was legally frivolous on its face.

On December 12, 2009, the trial court granted counsel's motion to withdraw from representation and appointed a second attorney to represent petitioner in his motion to withdraw the plea (Docket No. 36-20 at 5). Petitioner complains the second attorney never consulted with him or with the first attorney. Therefore, the second attorney never learned that petitioner entered his plea without understanding the elements of his crimes, or that petitioner had been threatened with hundreds of counts of child pornography. Also, the second attorney allegedly failed to investigate an alleged conflict of interest of petitioner's original lawyer. On January 6, 2009, a hearing was held on petitioner's motion, and relief was denied (Docket No. 36-5).

Petitioner's appeal to the Oklahoma Court of Criminal Appeals (OCCA) raised one ground for relief, alleging petitioner should be allowed to withdraw his plea because there was an inadequate factual basis for accepting it (Docket No. 36-6 at 7). The OCCA denied certiorari, finding the record was "unambiguous, demonstrating a clear, and more than sufficient, factual basis for Brown's plea." *Brown v. State*, No. C-2009-38, slip op. at 2 (Okla. Crim. App. June 12, 2009) (Docket No. 36-7 at 2).

Petitioner next filed an application for post-conviction relief, raising five claims: (1) his plea lacked an adequate factual basis, (2) the Information lacked an essential element to the crime charged, (3) ineffective counsel in his application to withdraw plea, (4) ineffective

4

appellate counsel, and (5) newly-discovered evidence rendered his plea invalid. *Brown v. State*, No. PC-2010, slip op. at 1-2 (Okla. Crim. App. Oct. 4, 2010) (Docket No. 36-13). The OCCA found the first three claims had been waived by not presenting them on direct appeal. *Id.*, slip op. at 2-3 (citing Okla. Stat. tit. 22 § 1086). The fourth and fifth claims, however, were remanded to the district court for further proceedings. *Id.*, slip op. at 3-5.

The respondent alleges petitioner's claim of ineffective assistance of trial counsel in Ground I is procedurally barred, because he failed to raise the claim in his appeal of the denial of his motion to withdraw the plea. Petitioner asserts he did not raise this claim in his motion to withdraw the plea, because his trial counsel was deficient in assisting him in preparation of the motion, and the second attorney who was appointed to represent petitioner at the motion hearing also was ineffective. He further alleges his appeal of the denial of the motion to withdraw pleas failed to include this habeas claim because appellate counsel was ineffective.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Tenth Circuit has acknowledged Oklahoma's consistent application of the "waiver" rule in appellate proceedings and that the OCCA's procedural bar rests on an adequate and an independent state ground. *Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993).

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753.

With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Petitioner claims the "cause" for the default was his attorneys' ineffectiveness in raising the claim in the motion to withdraw his plea and in his appeal of the denial of that motion.

> . . . When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, we first examine the merits of the omitted issue. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. If the issue has merit, we then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial.

*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999) (citations omitted). The OCCA found no error in petitioner's plea agreement, and this court finds petitioner's complaints about his attorneys' representation in the pleas are meritless. The application of the procedural bar by the Court of Criminal Appeals was based on state procedural rules, and petitioner has not met the requirements of a showing of cause and prejudice.

The court also finds petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). Petitioner has not made a colorable showing of factual innocence, so relief cannot be granted on Ground I. *See Herrera v.*

6

*Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

The OCCA also denied relief on the claims presented in petitioner's Ground III of the amended petition:

> . . . Petitioner claims error in the District Court having concluded that his appellate counsel provided effective assistance. Petitioner relies on two points concerning the merits of his ineffective-assistance-of-appellate-counsel claim as proof of this error: *First*, that appellate counsel did not assert on appeal that the Information charging Petitioner with "Child Sex Abuse" under "10 O.S. § 7115(E)" (O.R. 33, Exhibit 1) was defective for not alleging the necessary element of his being "a person responsible for the child's health, safety or welfare" as required by Section 7102(B) of Title 10; and *second*, that appellate counsel "failed to raise on appeal the constructive denial of counsel" in the proceedings for withdrawing his nolo contendere pleas. (Brief of Pet'r at 7.) Because Petitioner cannot show a reasonable probability that either of these arguments would have resulted in a different outcome on appeal, he cannot show the District Court erred in refusing to find Petitioner was not deprived of effective assistance of counsel on appeal.

*Brown*, Nos. PC-2010 & PC-1126, slip op. at 3 (Docket No. 36-18 at 3) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)) (footnotes omitted).

The record shows the State was required to make an offer of proof at petitioner's plea hearing, and the prosecutor told the court that the three victims were petitioner's 12-year-old step-granddaughter, a 10-year-old foster child of petitioner's stepdaughter, and a third girl who also was a step-grandchild. *Id.*, slip op. at 4 (citing O.R. 33, Plea Tr. 10). The prosecutor stated that "[e]ach of those witnesses if called to testify would testify that at different times when staying at the home of the Defendant, who is the step-grandfather, and while he was entrusted to their care had either inappropriately touched either their breast or had exposed himself to them at separate times." *Id*.

Based on the above transcript, the OCCA found the element from Section 7102(B) of "a person responsible for the child's heath, safety, or welfare" was met. *Id*. Petitioner had

7

no actual defense on this ground, so nothing would have been gained by objecting to the Information's failure to include that element. *Id*. The State simply would have amended the Information and proceeded with the negotiated plea. *Id*. Nothing indicates that petitioner or his counsel was not aware of the State's evidence or would not have continued with the plea agreement with the knowledge of a defective Information. *Id.*, slip op at 4-5. "As these circumstances did not present Petitioner's appellate counsel with any viable claim of error for appeal, it was not an act of ineffective assistance of counsel for appellate counsel to omit Petitioner's defective Information claim." *Id*. at 5 (footnote omitted).

Petitioner also alleged inadequate representation in moving to withdraw his pleas. *Id*.

> . . . More specifically, Petitioner alleged that the counsel appointed to represent him for purposes of presenting the motion to withdraw pleas did not adequately consult with him. Petitioner asserted that had such counsel done so, he would have learned that petitioner would not have entered his pleas of nolo contendere had he known that part of the State's evidence included various documents [two of which were prepared *after* petitioner entered his pleas] containing false or inaccurate information. Absent from this argument, however, is any explanation as to how counsel's knowledge that Petitioner was ignorant about this aspect of the State's evidence would by itself translate into proof that Petitioner's nolo contendere pleas were involuntary and how that in turn would have caused Petitioner to prevail on his motion to withdraw his pleas (the different result required for establishing a valid ineffective-assistance-of-counsel claim).
>
> The record reveals Petitioner entered his nolo contendere pleas with the complete understanding of the effect of that decision and with the understanding of his right to trial and his right to challenge the State's evidence if he so chose. Petitioner's arguments fail to acknowledge that a plea of nolo contendere is a plea that may be entered into despite any personally held belief of innocence and for reasons beneficial to a defendant.
>
> In Petitioner's case, in partial consideration for his pleas, the State agreed not to file additional charges against Petitioner and to recommend concurrent sentences of thirty years each with one-third of those terms suspended. There is nothing unreasonable or involuntary in Petitioner

8

> deciding to accept that agreement, despite any possible defenses or deficiencies in a portion of the State's child abuse charges, if done knowing that the consequences of not accepting that plea agreement would be additional charges--charges that might well have no deficiencies or defenses and charges that might well result in sentences totaling far in excess to those being recommended. Without any explanation by Petitioner as to why these circumstances would not be sufficient to uphold the voluntariness of his nolo contendere pleas, he cannot show that the result on his motion to withdraw those pleas would have been any different despite alleged shortcomings in appointed counsel's consultation with Petitioner or in the lack of further investigation into the circumstances of Petitioner's pleas.

*Id.*, slip op. at 5-6.

After careful review this court finds the determination of these issues by the OCCA did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court further finds that the OCCA's decision did not result "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). To the extent petitioner is reiterating claims raised in Ground I of the petition, those issues are procedurally barred from federal habeas review.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United*

*States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 20th day of February 2014.

_____
**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**